**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JACQUELINE REED WILLIAMS**                                          **PLAINTIFF**

**v.**                                   **Civil Action No. 5:09cv91-KS-MTP**

**THE KROGER CO., ET AL.**                                         **DEFENDANTS**

**<u>ORDER</u>**

This matter is before the court on The Kroger Company's ("Kroger") Motion to Compel Plaintiff's Initial Disclosures [11] and Supplemental Motion to Compel Plaintiff's Initial Disclosures [13]. Having considered the submissions of the parties and the arguments of counsel during the telephonic motion hearing, the court finds that the motions should be denied.

In its motions [11][13], Kroger claims that Plaintiff's initial disclosures are insufficient under Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 26.1(A)(1) of the of the Uniform Local Rules for the Northern and Southern Districts of Mississippi ("Local Rules"). Kroger also states that Plaintiff's counsel failed to respond to its good faith letters to resolve this matter without court intervention, and thus, claims it is entitled to fees and costs under Federal Rules 26(c)(3) and 37(a)(5) and Local Rules 37.1 and 26.1(A)(1)(c).

During the telephonic hearing, Plaintiff's counsel stated that he served Plaintiff's responses to Kroger's interrogatories and requests for production on October 7, 2009, which included the information required under Federal Rule 26(a)(1) and Local Rule 26.1(A)(1) for her initial disclosures. Plaintiff's counsel also indicated that he mailed the relevant documents, including medical records and bills, to Kroger's counsel yesterday. Given the Plaintiff's interrogatory responses and production of documents, the issues raised in Kroger's motions appear to be moot. If Kroger does not timely receive the documents mailed by Plaintiff's

counsel, the court will revisit the issue, if necessary, after an appropriate good faith conference.

Kroger also requests an award of expenses and attorney's fees expended in bringing this issue before the court. Although Plaintiff did not respond to Kroger's motions,[1] Plaintiff's counsel indicated that he believed the issue was resolved after he served the initial disclosures on September 16, 2009, and the responses to interrogatories on October 7, 2009. Based on the circumstances, an award of fees and expenses is not justified at this time. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Kroger's Motion to Compel Plaintiff's Initial Disclosures [11] and Supplemental Motion to Compel Plaintiff's Initial Disclosures [13] are denied as moot.

2. That Kroger's request for attorney's fees and costs is denied.

SO ORDERED this 8th day of October, 2009.

s/ Michael T. Parker  
United States Magistrate Judge

---

[1] Plaintiff's counsel is urged to acquaint himself with the Local Rules, particularly Local Rule 7.2.